UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
LIBBY PIECHOWICZ d/b/a LORNA LAINE,                         :
an individual,                                              :
                                                            :
                              Plaintiff,                    :      24-CV-3057 (VSB)
                                                            :
              -against-                                     :      **ORDER TO SHOW CAUSE FOR**
                                                            :      **PRELIMINARY INJUNCTION**
THE PARTNERSHIPS AND                                        :      **AND TEMPORARY**
UNINCORPORATED ASSOCIATIONS                                 :      **RESTRAINING ORDER**
IDENTIFIED IN SCHEDULE A,                                   :
                                                            :
                              Defendants.                   :
----------------------------------------------------------- X

VERNON S. BRODERICK, United States District Judge:

    The Court having considered Plaintiff's renewed ex parte application (Sealed Doc. 37, the "Application"), as well as all other papers filed in support of the Application, for the following relief:

1. a temporary restraining order against defendants (as described in Schedule A attached to the Second Amended Complaint ("Defendants"), which shall also be attached hereto), enjoining Defendants from the manufacture, importation, distribution, offering for sale, and sale of counterfeit products (the "Counterfeit Products") bearing, using, or infringing upon Plaintiff's copyrights, which are covered by U.S. Copyright Office Registration Nos. VA 2-368-850 and VA 2-368-862.

2. a temporary transfer of control over Defendants' online marketplace websites (hereinafter the "Defendant Storefronts," to Plaintiff;

3. a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiff's right to an equitable accounting;

4. expedited discovery allowing Plaintiff to inspect and copy Defendants' records relating to

the manufacture, distribution, offering for sale, and sale of of counterfeit products, as well as of Defendants' financial accounts;

5. permission to effectuate service by electronic mail and electronic publication; and

6. ordering Defendants to show cause why a preliminary injunction should not issue on the return date of the Application; and

Based on the papers and other evidence submitted in support to the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

A.   Plaintiff is likely to prevail on her copyright infringement, violation of the right of publicity, and counterfeit claims at trial.

B.   As a result of Defendants' misconduct, Plaintiff is likely to suffer immediate and irreparable losses, damages, and injuries before Defendants can be heard in opposition, unless Plaintiff's application for ex parte relief is granted. For example:

1. Defendants have offered for the sale substandard and unauthorized Counterfeit Products bearing, using, or infringing on the PIECHOWICZ Copyrights through Defendant Storefronts;

2. Plaintiff has well-founded fears that more counterfeit products will appear in the marketplace using the same Seller IDs or new and different Seller IDs; that consumers may be misled, confused and disappointed by the quality of these counterfeit products, resulting in injury to Plaintiff's reputation and goodwill and, in particular, the reputation and goodwill related to products properly bearing, using, and sold utilizing the PIECHOWICZ Copyrights.

3. Plaintiff has well-founded fears that if she proceeds on notice to Defendants on this Application, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the

counterfeit products and information concerning the counterfeit products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the counterfeit products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the of counterfeit products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.

C. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, her business, and the goodwill and reputation built up in and associated with the PIECHOWICZ Copyrights if a temporary restraining order is not issued.

D. The public interest favors issuance of the temporary restraining order to protect Plaintiff's interests in and to Plaintiff's copyrights, and to protect the public from being deceived and defrauded by Defendants' passing off their of counterfeit products as Plaintiff's PIECHOWICZ products.

E. Plaintiff requests permission to effect service on Defendants located in China, Vietnam, Germany, and the United States.

F. China has explicitly objected to the means of service listed in Article 10 of the Hague Convention, including "postal channels."

G. Plaintiff's request for permission to serve Defendants located in China and Germany via email or online publication is denied at this time for the reasons explained by Judge Woods's opinion in *Smart Study Co. v. Acuteye-Us*: "[S]ervice by a method that is prohibited by international agreement is impermissible under Rule 4(f)(3). And . . . service by

email on defendants located in China [and Germany] is not permitted under the Hague Convention." 620 F. Supp. 3d 1382, 1392 (S.D.N.Y. 2022). China has objected to service by postal channels, and guidance from the Supreme People's Court of China indicates that this objection extends to service by email. *Id*. at 1393. Germany has also objected to service via email. *Advanced Aerofoil Techs., AG v. Todaro*, No. 11-CV-9505, 2012 WL 299959, at *2 (S.D.N.Y. Jan. 31, 2012). Like email service, service by online publication is not enumerated by the Hague Convention. And the Convention's silence as to a particular method of service cannot be read to implicitly authorize that method. *Cf Smart Study*, 620 F. Supp. 3d at 1394 ("In other words, Articles 11 and 19 provide ready tools to permit countries to expressly permit service by email. And those articles would be largely superfluous if litigants could serve a party in another country merely by selecting a method that is not expressly listed in the Hague Convention—there would be no need for articles that permit countries to agree to other methods of service, or to legislate to affirmatively authorize other methods of services."). *See also Fox Shiver, LLC v. Individuals, Corps., Ltd. Liab. Companies, Partnerships, & Unincorporated Associations Identified on Schedule A to Complaint*, No. 23-CV-1898, 2023 WL 4373308, at *2 (S.D.N.Y. Apr. 25, 2023); *Pinkfong Co., Inc. v. Avensy Store*, No. 1:23-CV-09238, 2023 WL 8531602 (S.D.N.Y. Nov. 30, 2023). Plaintiff has not shown that Defendants' addresses are "not known" such that the Hague Convention would not apply; Plaintiff has not demonstrated "multiple modes of attempted contact" with each, or any, of Defendants. *Pinkfong*, 2023 WL 8531602, at *2 (citations omitted).

  H. Plaintiff's request for permission to serve Defendants located in Vietnam via email or online publication is granted. Vietnam has not objected to Article 10 of the Hague Convention or to postal service, and I conclude that "service on Defendants in [Vietnam] via electronic means is permissible and reasonably calculated to result in proper notice to

Defendants." *Fox Shiver*, 2023 WL 4373308, at *2.

      I.      Plaintiff's request for permission to serve Defendants located in the United States via email or electronic publication is granted. Under Federal Rule of Civil Procedure 4(e), service is proper on United States defendants according to the laws of the state in which the district court sits. "In New York, service of process may be effected by: (1) personal service; (2) delivery to "a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode of the person to be served" and mailing the summons to the person to be served at his or her last known residence; (3) service on an agent; or (4) so-called 'nail and mail' service." *Fox Shiver*, 2023 WL 4373308, at *2 (citing *Sirius XM Radio Inc. v. Aura Multimedia Corp.*, 339 F.R.D. 592, 594 (S.D.N.Y. 2021); N.Y. C.P.L.R. §§ 308(1)–(4)). Further, when these modes of service are "impracticable," N.Y. C.P.L.R. § 308(5) permits alternative service as reasonably directed by the court. Unlike the more substantive showing the Hague Convention requires for an address to be deemed "not known," the New York law "does not require proof of due diligence or of actual prior attempts to serve a party under the other provisions of the statute." *Fox Shiver*, 2023 WL 4373308, at *2 (citation omitted). Plaintiff has shown impracticability here, as United States Defendants (Does 11 and 21) transact business online and Plaintiff represents that their physical locations may not be the locations where most business in fact takes place. Therefore, Plaintiff may serve Defendants located in the United States by email.

      J.      If Defendants are given notice of the Application, they are likely to conceal, transfer, or otherwise dispose of their ill-gotten proceeds from their sales of counterfeit products. Therefore, good cause exists for granting Plaintiff's request to proceed ex parte and for an asset restraining order. It typically takes banks and other financial institutions (including those defined below as the "Financial Institutions"), as well as online marketplace accounts,

approximately five (5) days after service of an Order like this one to locate, attach, and freeze Defendants' Assets (defined below), Defendants' Accounts (defined below), and/or the User Accounts, and service on Defendants should not take place until such actions are completed.

 K. Similarly, if Defendants are given notice of the Application, they are likely to destroy, move, hide or otherwise make inaccessible the records and documents relating to Defendants' manufacture, importing, advertising, marketing, distributing, offering for sale and/or sale of the of counterfeit products. Thus, Plaintiff has established good cause for expedited discovery to be ordered.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Application is hereby **GRANTED IN PART AND DENIED IN PART**. It is hereby **ORDERED**:

### Temporary Restraints

1. As sufficient causes have been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

    a. Using the PIECHOWICZ Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any counterfeit products;

    b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine PIECHOWICZ product that is not, in fact, Plaintiff's PIECHOWICZ Product and/or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the PIECHOWICZ Copyrights;

    c. Committing any acts calculated to cause consumers to believe that Defendants' counterfeit products are those sold under the authorization, control, or supervision of

      Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;

    d. Further infringing the PIECHOWICZ Copyrights and damaging Plaintiff's goodwill;

    e. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear(s) the PIECHOWICZ Copyrights or any reproductions, counterfeit copies, or colorable imitations thereof;

    f. Using, linking to, transferring, selling, exercising control over, or otherwise owning the User Accounts, the Defendant Storefronts, or any other domain name or online market place account that is being used to sell or is the means by which Defendants could continue to sell counterfeit products; and operating and/or hosting websites and/or any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing either or both of the PIECHOWICZ Copyrights.

## Temporary Restraint of Defendant Storefronts

2. Within five (5) days of receipt of this Order, all e-commerce platforms operating or hosting Defendants and all Defendant owned or operated storefronts are to:

    a. disable and cease providing services for any User Accounts through which Defendants engage in the sale of counterfeit products, including any User Accounts associated with the Defendants listed on Schedule A to the First Amended Complaint (which is also attached hereto);

    b. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit products; and

    c. take all steps necessary to prevent links to the Defendant Storefronts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Storefronts from any search index.

## Temporary Asset Restraint

3. Pursuant to Fed. R. Civ. P. 64 and 65, as well as N.Y. C.P.L.R. § 6201, and this Court's inherent equitable power to issue provisional remedies ancillary to its authority to provide final equitable relief, as sufficient cause has been shown, that within five (5) days of receipt service of this Order, that all payment processing service providers, including any online marketplace platform (collectively referred to as the "Financial Institutions") shall locate all accounts associated with Defendants (the "Defendants' Accounts") and other assets belonging to Defendants, including any cryptocurrency (the "Defendants' Assets") and shall locate, attach, and restrain the transfer or disposing of monies or funds from Defendants' Accounts, as well as the transfer or disposing of Defendants' Assets, until further ordered by this Court.

4. The Financial Institutions shall provide written confirmation of their compliance with the foregoing to Plaintiff's counsel.

## Expedited Discovery

5. As sufficient cause has been shown, within five (5) days of receipt of service of this Order, the Financial Institutions, in their capacities as online marketplace platforms, shall provide the following information to Plaintiff's counsel (to the extent such information is in the Financial Institutions' possession, custody, or control)

    a. Identifying information for Defendants, including all available contact information (which shall include, if available, all known e-mail addresses and mailing addresses), as well as all associated account numbers and account balances

      regardless of the platform or institution.

   b. Any User Accounts and/or online marketplace websites affiliated with Defendants that are not listed on Schedule A to the Second Amended Complaint (and attached hereto).

   c. Information concerning any of Defendants' Accounts or Defendants' Assets including any and all related, connected or otherwise associated accounts or assets, regardless of the hosting platform or institution.

   d. Information concerning any sales or listings of counterfeit products made by Defendants.

### Service by Electronic Mail and/or Electronic Publication

6. Service of this Order and the Summons and Complaint may be by any method of service expressly permitted under the Hague Convention, including service via the receiving country's central authority, or as provided in paragraphs E through I of the Findings of Fact and Conclusions of Law.

7. Service, as set forth above, shall be made within five (5) days of the Financial Institutions' compliance with paragraphs 3 through 4 of this Order.

8. The Clerk of Court is directed to issue a single original summons in the name of "THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED IN SCHEDULE A TO SECOND AMENDED COMPLAINT" that shall apply to all Defendants.

### **Security Bond**

9. Plaintiff shall deposit with the Court $5,000.00 either cash, cashier's check or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

### **Sealing Order**

10. Schedule A to Plaintiff's Second Amended Complaint, Exhibits A & B thereto, (Sealed Doc. 34), Plaintiff's ex parte applications for entry of a Temporary Restraining Order, Preliminary Injunction, a Restraint on the Transfer of Assets, authorization for Alternative Service, (Sealed Doc. 37), and all associated documents annexed thereto, including Exhibits, Declarations, and Proposed Orders, (Sealed Docs. 38–41), shall be sealed and remain sealed until Defendants' Accounts and Defendants' Assets are restrained.

11. Plaintiff shall file unsealed versions of Schedule A to Plaintiff's Second Amended Complaint, Exhibits A & B thereto, Plaintiff's ex parte applications for entry of a Temporary Restraining Order, Preliminary Injunction, a Restraint on the Transfer of Assets, authorization for Alternative Service, and all associated documents annexed thereto, including Exhibits, Declarations, and Proposed Orders, using the CM/ECF system prior to the expiration of this Order.

### **Application to Vacate or Dissolve**

12. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

**IT IS FURTHER ORDERED** that a telephonic hearing shall be held **August 20, 2024 at 10:00am** which Plaintiff may present her arguments in support of her request for issuance of a preliminary injunction. At such time, any Defendants may also be heard as to opposition to Plaintiff's Application. The dial-in number for the hearing is 888-363-4749 and the access code is 2682448.

**IT IS FURTHER ORDERED** that opposing papers, if any, shall be filed and served on or before **August 18, 2024 at 10:00am.**

This Temporary Restraining Order without notice is entered August 6, 2024 and shall remain in effect for fourteen (14) days.

The Clerk of Court is respectfully directed to file this Order ex parte, accessible to only to the Plaintiff and the Court at this time, and to terminate the pending motion at Sealed Doc. 37.

SO ORDERED.

Dated:   August 6, 2024
         New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge

## SCHEDULE A

| No. | Copyright Infringed | Seller Business Alias | Seller ID |
|---|---|---|---|
| 1 | Bumble Bee (VA 2-368-850) | ALOTS | A1HY5DIQN94C0S |
| 2 | Bumble Bee (VA 2-368-850) | You are very lucky | A2WMK2JTI4ZRR6 |
| 3 | Bumble Bee (VA 2-368-850) | ROUKANNGE | AC49Z05PAFOHX |
| 4 | Bumble Bee (VA 2-368-850) | GneinourDirect | A3R7JBJK7AD4J2 |
| 5 | Bumble Bee (VA 2-368-850) | Mogyn | A2LNE2F3MRA99Y |
| 6 | Bumble Bee (VA 2-368-850) | Aotoudanuo Store | ANCK1BFMOITVH |
| 7 | Bumble Bee (VA 2-368-850) | DaDing Store | ABMUXESGTI5HS |
| 8 | Bumble Bee (VA 2-368-850) | Passdone Direct | A7W11OQ5XFLPD |
| 9 | Bumble Bee (VA 2-368-850) | UPmall Direct | A1OOPR4ZIVPIU5 |
| 10 | Bumble Bee (VA 2-368-850) | Finduat | A3IDOT3WWRTKK1 |
| 11 | Bumble Bee (VA 2-368-850) | Wizardi | A1RTLI9JTDRWW |
| 12 | Bumble Bee (VA 2-368-850) | LCOZX | A2VFMBENU2001H |
| 13 | Bumble Bee (VA 2-368-850) | Xiangcheng Botte Trading Co. | A1XOBRIL4I9ODR |
| 14 | Bumble Bee (VA 2-368-850) | ZWJXYR SHOP | A27PBWMLEZ0N2P |
| 15 | Bumble Bee (VA 2-368-850) | Treasures Shop1 | A1RIN25ER62FO0 |
| 16 | Bumble Bee (VA 2-368-850) | Zen Garden Essentials | A21R356ZSW5JGH |

| 17 | Bumble Bee (VA 2-368-850) | Cool Art Stuff | A38DDLQUZXGT46 |
| 18 | Bumble Bee (VA 2-368-850) | ABabyCool | A3O1NFPHYBX1JJ |
| 19 | Black Cat (VA 2-368-862) | ESH7Shop | AGPB5O6IMIGA1 |
| 20 | Black Cat (VA 2-368-862) | putianshilichengqu weicaimaoyiyouxia ngongsi | A289BGBBOZBNXJ |
| 21 | Black Cat (VA 2-368-862) | BKR Graphics | A17YUWSTCCGXGI |
| 22 | Black Cat (VA 2-368-862) | HEZHONGKUI | A1L13PR7WZIVOC |
| 23 | Black Cat (VA 2-368-862) | X-bet MAGNET | AHDDZPM0CQ1RJ |
| 24 | Black Cat (VA 2-368-862) | Josid | A14HOFNV1F21AH |
| 25 | Black Cat (VA 2-368-862) | Marussia-shop | A1A79VM8YAZFY1 |
| 26 | Black Cat (VA 2-368-862) | Aile Décor | A3JXCA6CURN1YS |