```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
LIBBY PIECHOWICZ d/b/a LORNA LAINE,                          :
an individual,                                               :
                                                             :
                              Plaintiff,                     :       24-CV-3057 (VSB)
                                                             :
                 -against-                                   :            ORDER
                                                             :
THE PARTNERSHIPS AND                                         :
UNINCORPORATED ASSOCIATIONS                                  :
IDENTIFIED IN SCHEDULE A,                                    :
                                                             :
                              Defendants.                    :
-------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

On September 3, 2024, I held a telephonic hearing regarding the Order to Show Cause for a Preliminary Injunction and Temporary Restraining Order that I entered on August 6, 2024, (Doc. 46), and extended on August 16, 2024, (Doc. 55).

During the hearing, counsel for Plaintiff remarked that it had not attempted to serve the defendants located in China via that country's Central Authority in accordance with the Hague Convention and the Temporary Restraining Order.  (*See* Doc. 46 at 3–5.)   The requirement to serve a foreign defendant in accordance with the Hague Convention "does not apply where the address of the person to be served with the document is not known." *Smart Study Co. v. Acuteye-Us*, 620 F. Supp. 3d 1382, 1390 (S.D.N.Y. 2022) (citation omitted).  "An address is 'not known' if the plaintiff 'exercised reasonable diligence in attempting to discover a physical address for service of process and was unsuccessful in doing so.'" *Pinkfong Co., Inc. v. Avensy Store*, No. 23-CV-09238, 2023 WL 8531602, at *2 (S.D.N.Y. Oct. 24, 2023) (quoting *Advanced Access Content Sys. Licensing Adm'r, LLC v. Shen*, No. 14-cv-01112, 2018 WL 4757939, at *4 (S.D.N.Y. Sept. 30, 2018)). "Plaintiffs have been found to have exercised reasonable diligence to discover a physical address

1

where the plaintiff researched defendant's websites associated with defendant's domain names, completed multiple Internet-based searches, called known phone numbers, and conducted in-person visits, where the plaintiff performed extensive investigation and issued subpoenas to the relevant domain registrars and email providers, and where a plaintiff has attempted to obtain the defendant's address in a variety of ways." *Id*. (quoting *Smart Study*, 620 F. Supp. 3d at 1391) (alterations adopted). Thus, I may authorize alternative electronic service in the method Plaintiff described during the hearing if, for each defendant to which the Hague Convention applies, Plaintiff makes an adequate showing that their address is "'not known' for purposes of exemption from the Hague Convention." *Pinkfong Co., Inc. v. Avensy Store*, No. 23-CV-09238, 2023 WL 8530159, at *3 (S.D.N.Y. Nov. 8, 2023) ("*Pinkfong II*").

Accordingly, it is hereby:

ORDERED that for the reasons stated on the record at the hearing and for good cause shown, including because Plaintiff is still working to properly serve all the defendants listed in Schedule A of the Amended Complaint, the Temporary Restraining Order is extended for fifteen (15) days until September 18, 2024.

IT IS FURTHER ORDERED that the deadline to file and serve any opposing papers shall be extended to September 17, 2024.

IT IS FURTHER ORDERED that, by September 17, 2024, Plaintiff submit a letter on the public docket informing me, as to each defendant that is still a party to the case: (A) the method by which Plaintiff has contacted the defendant; (B) a summary of the relevant communications between Plaintiff and the defendant, including whether the defendant has inquired about filing an opposition to the Temporary Restraining Order; and (C) for each defendant located in China, the efforts Plaintiff has made to ascertain the defendant's physical address for service of process.[1]

---

[1] *See Pinkfong,* 2023 WL 8531602, at *2; *Pinkfong II*, 2023 WL 8530159, at *2–3.

Plaintiff's letter shall also, in the entry for Defendant #24, include the physical address listed on that defendant's Amazon.com storefront, if any.[2]

IT IS FURTHER ORDERED that, if Plaintiff intends to present a motion for a preliminary injunction, Plaintiff file such motion and any supporting papers by September 17, 2024.

IT IS FURTHER ORDERED that a telephonic hearing will be held on September 18, 2024 at 12:45pm.  The dial-in number for the hearing is 888-363-4749 and the access code is 2682448.

SO ORDERED.

Dated:   September 3, 2024
         New York, New York

*Vernon Broderick* (signature)

Vernon S. Broderick
United States District Judge

---

[2] The address listing of Defendant #24 is cut off in Exhibit B to Plaintiff's Amended Complaint.  (Doc. 34-1 at 97.)