**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LIBBY PIECHOWICZ, an individual,<br><br>       Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND<br>UNINCORPORATED ASSOCIATIONS<br>IDENTIFIED IN SCHEDULE A,<br><br>Defendants. | Case No. 1:24-cv-03057-VSB<br><br>**Judge Vernon S. Broderick** |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF**
**A PRELIMINARY INJUNCTION**

1

## I.    INTRODUCTION

For these reasons set forth below, and those found by this Court in granting her motion for a Temporary Restraining Order ("TRO"), Plaintiff, Libby Piechowicz d/b/a Lorna Laine ("Laine"), submits this Memorandum in support of her Motion for Preliminary Injunction against the defendants identified on **Schedule A** to the Second Amended Complaint (collectively, the "Defendants")

## II.    STATEMENT OF FACTS

On August 6, 2024, this Court entered a Temporary Restraining Order (the "TRO") against Defendants identified in Schedule A to the operative complaint. (Dkt. No. 33-6.) The TRO authorized Laine to provide notice to certain Defendants by electronic means. (*Id*.; see also Declaration of Scott Alan Burroughs (hereinafter, "Burroughs Decl.") at ¶ 2. Since and pursuant to the entry of the TRO, several financial accounts associated with the Defendant Internet Stores have been frozen. Burroughs Decl. at ¶ 3. Further, since entry of the TRO, Liane has served each of the Defendants upon whom electronic service was authorized. Burroughs Decl. at ¶ 4. The Defendants located in China have not been served as, per the concurrently filed letter, Laine has been unable to locate any address which are "known" under the Hague Convention despite her reasonably diligent efforts to do so. *Id*. at ¶ 5.

Laine respectfully requests that this Court convert the TRO to a preliminary injunction against Defendants, so that they remain enjoined from the manufacture, importation, distribution, offering for sale, and sale of Infringing Products during the pendency of this litigation. As part of the Preliminary Injunction, Laine requests that Defendants' financial accounts remain frozen until completion of these proceedings.

**III.    LEGAL STANDARD**

The standard for granting both a temporary restraining order and preliminary injunction are the same. *See, e.g. Free Country Ltd v. Drennen*, 235 F. Supp. 3d 559, 565 (S.D.N.Y. 2016) (citations omitted). A temporary restraining order or preliminary injunction may be issued where the plaintiff shows (1) a likelihood of success on the ultimate merits of the lawsuit; (2) a likelihood that the moving party will suffer irreparable harm if a TRO is not granted; (3) that the balance of hardships tips in the moving party's favor; and (4) that the public interest is not disserved by the relief granted." Id.; *see also Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). *See also Ty, Inc. v. The Jones Group, Inc.*, 237 F.3d 891, 895 (7th Cir. 2001). By virtue of this Court's entry of the TRO, it has already been found that the above requirements are satisfied, and nothing has altered the circumstances of this case sufficient to deny Laine's motion for preliminary injunction.

**IV.    ARGUMENT**

Laine readily establishes each of the elements necessary for a preliminary injunction against Defendants for their ongoing infringement of her intellectual property, and her motion should be granted. Indeed, through this Court's entry of the TRO, it has already been found that the above requirements are satisfied.

**A.    Laine will likely succeed on the merits of her claims**

Laine is reasonably likely to succeed on the merits of her copyright infringement claim against Defendants because all the evidence shows that Defendants shave sold and offered for sale online knock-off products using unlawful copies of Laine's original artworks ("Subject Artwork"). **Ex. 1**

As addressed in Laine's Memorandum in Support her TRO (Dkt. No. 46), there is a reasonable likelihood that Laine will succeed on the merits on her claims for copyright infringement.

"To establish [copyright] infringement, two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 361 (1991). And "[a] certificate of registration is prima facie evidence that a copyright is valid." *Small Bus. Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290, 303 (S.D.N.Y. 2017).

Both elements of infringement are established. Laine owns the registered copyrights for the Subject Artwork, registered at **VA 2-368-850** and **VA 2-368-862**, and holds a valid certificate of registration for same. Burroughs Decl. ¶ 7, **Ex. 2**. And Defendants' unlawful copying of the Subject Artwork is beyond dispute as they have reproduced, displayed, distributed, and otherwise exploited same on through their Amazon listings for and sales of products bearing exact reproductions of the Subject Artwork ("Infringing Products"), created without Laine's authorization or consent. Burroughs Decl. ¶ 8, **Ex. 3.** Because Laine has provided *prima facie* evidence of her ownership of a valid copyright in the Subject Artwork and Defendants' unlawful copying of the entirety of the Subject Artwork is self-evident, Laine is reasonably likely to succeed on the merits of her copyright infringement claim against each of the Defendants.

**B.    Laine has and will continue to suffer irreparable harm in the absence of an injunction**

Laine has and will continue to suffer irreparable harm as a result of Defendants' ongoing infringement of the Subject Artwork. At this stage, Laine need only show that irreparable harm is likely. *See, e.g., Luminara Worldwide, LLC v. Liown Elecs. Co. Ltd.*, 814 F.3d 1343, 1352 (Fed.

4

Cir. 2016). And "[i]n copyright cases, harm can often be irreparable . . . in light of possible market confusion, because it is 'notoriously difficult' to prove the loss of sales due to infringement." *WPIX, Inc. v. ivi, Inc.*, 765 F. Supp. 2d 594, 617 (S.D.N.Y. Feb. 22, 2011).

Additionally, the sort of irreparable harm resulting from intellectual property infringement "encompasses different types of losses that are often difficult to quantify, including lost sales and erosion in reputation and brand distinction." *RMH Tech LLC v. PMC Indus., Inc.*, 352 F. Supp. 3d 164, 201 (D. Conn. 2018), citing *Douglas Dynamics, LLC v. Buyers Prods. Co.*, 717 F.3d 1336, 1344 (Fed. Cir. 2013).

As discussed in Laine's memo in support of her TRO, Defendants' creation, sale, and distribution of Infringing Products deprives Plaintiff of its exclusive right to control her creative content and devalues the Subject Artworks by associating it with inferior goods. These are recognized as irreparable harms for which monetary compensation is inadequate and warrant equitable relief. *Salinger v. Colting*, 607 F.3d 68, 81 (2d Cir. 2010), citing *Omega Importing Corp. v. Petri–Kine Camera Co.*, 451 F.2d 1190, 1195 (2d Cir.1971)("courts have tended to issue injunctions in this context because 'to prove the loss of sales due to infringement is ... notoriously difficult.'"). And Defendants' marketing and sale of knock-off products using unlawful copies of Laine's copyrighted artwork deprives Laine of the ability to control her intellectual property, devalues the Subject Artwork by impinging upon its exclusivity, and by creating an impression that infringement may be undertaken with impunity. Accordingly, Laine has established that she will be irreparably harmed by Defendants' infringing conduct if a preliminary injunction is not entered.

Additionally, the threat remains that Defendants will simply transfer all the currently frozen funds out of their Amazon seller accounts the moment the TRO is lifted and simply abandon that account and create a new one at which they can simply begin to infringe again

### C.      Balance of hardships weighs in Laine's favor

As willful infringers of Laine's intellectual property, Defendants are entitled to little equitable consideration. To be sure, "[i]t is axiomatic that an infringer of copyright cannot complain about the loss of ability to offer its infringing product." *Mattel, Inc. v. Agogo Store*, No. 21CIV1507AJNSLC, 2022 WL 525698, at *7 (S.D.N.Y. Jan. 31, 2022), report and recommendation adopted, No. 21CV1507AJNSLC, 2022 WL 524057 (S.D.N.Y. Feb. 22, 2022), See also *Mint, Inc. v. Amad*, No. 10 CIV. 9395 SAS, 2011 WL 1792570, at *3 (S.D.N.Y. May 9, 2011) ("[o]ne who elects to build a business on a product found to infringe cannot be heard to complain if an injunction against continuing infringement destroys the business so elected.") And there is a strong public policy interest in favor of protecting plaintiff's rights to copyright. See *Motown Record Co., L.P. v. iMesh.Com, Inc.*, No. 03 Civ. 7339, 2004 WL 503720, at *7 (S.D.N.Y. Mar. 12, 2004)("Importantly, plaintiffs assert an action to enforce their U.S. copyrights, an area in which the U.S. has a strong public interest.")

Here, Defendants have failed to respond in any way to this action and have continued to unlawfully display the Subject Artwork. **Ex. 4.** In doing so, Defendants have eliminated or at least damaged the exclusivity that Laine is entitled to under the law in her intellectual property. Thus, the balance of equities tips decisively in Laine's favor. As such, equity requires that Defendants be enjoined.

### D.    A preliminary injunction is in the public interest

Finally, the issuance of a preliminary injunction remains in the public interest. There is a strong public policy interest in favor of protecting plaintiff's rights to copyright. See *Motown Record Co., L.P. v. iMesh.Com, Inc.*, No. 03 Civ. 7339, 2004 WL 503720, at *7 (S.D.N.Y. Mar. 12, 2004)("Importantly, plaintiffs assert an action to enforce their U.S. copyrights, an area in which the U.S. has a strong public interest."); see also *Mint, Inc. v. Amad*, No. 10 CIV. 9395 SAS, 2011 WL 1792570, at *3 (S.D.N.Y. May 9, 2011) ("it is undisputed that there is a strong policy in favor of enforcing copyrights.").

This is because the very purpose of the Copyright Act is to encourage the production of creative work, and this purpose is severely undermined when an artist's work is wantonly used by other for commercial purposes without consent and thus depriving the artist of both compensation for use of her work and the ability to benefit fully form the lawful market for their own work. *See Metro–Goldwyn–Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 961 (2005), quoting *Twentieth Century Music Corp. v. Aiken*, 422 U.S. 151, 156 (1975); *accord Broad. Music*, 158 F. Supp. 3d at 196 ("injunctive relief here will advance the public's compelling interest in protecting copyright owners' marketable rights to their work so as to encourage the production of creative work"). This is particularly true here as Defendants are brazenly using Laine's original artwork to sell knock-off products without compensating the artist and in a manner that will indicate to consumer that either Defendants own the Subject Artwork or that the Subject Artwork is not subject to protection at all.

****

For these reasons, as previously found by this Court, the entry of a preliminary injunction is appropriate.

### E.    The equitable relief sought remains appropriate

The Copyright Act authorizes courts to issue injunctive relief "on such terms as [they] may deem reasonable to prevent or restrain infringement of a copyright…" 17 U.S.C. § 502. Laine requests conversion of the TRO to a preliminary injunction so that Defendants' Amazon seller accounts and the funds therein remain frozen to prevent Defendants from evading the consequences of their infringement.

The risk that Defendants will liquidate their relevant payment accounts and the financial assets contained in those accounts to avoid this enforcement action remains for the same reasons set forth in Laine's Renewed Motion for Entry of Temporary Restraining Order (Dkt. No. 37) and later found by the Court (Dkt. No. 46).

In the absence of a preliminary injunction, Defendants may attempt to move assets from any accounts in U.S.-based financial institutions to offshore accounts. Indeed, Laine's attorneys have participated in multiple similar cases against similar online seller defendants who have either directly threatened to or have either empty their online seller accounts or abandon the identified accounts and resume infringing through new accounts. Burroughs Decl. ¶ 10. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings. The amount of damages Laine is entitled to likely exceeds any amount contained in Defendants' account. Indeed, many courts have authorized immediate injunctive relief in similar cases involving the unauthorized use of intellectual property. *See, e.g., Dyson, Tech. Ltd. v. The Partnerships and Unincorporated Associations Identified on Schedule A,* No. 22-cv-5946 (N.D. Ill. Nov. 1, 2022); *Cecilia Granata v. The Partnerships and Unincorporated Associations Identified on Schedule "A",* No. 23-cv-02076 (N.D. Ill. Apr. 7, 2023); *Nike, Inc. v. Fujian*

*Bestwinn Industry Co., Ltd.*, 166 F. Supp. 3d 1177, 1178-79 (D. Nev. 2016). An order continuing to freeze Defendants' assets should be granted.

## V.    CONCLUSION

For the reasons set forth above, Laine respectfully requests that the Court enter the preliminary injunction against Defendants.

Dated: September 17, 2024
New York, New York

Respectfully submitted,

*/s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
DONIGER / BURROUGHS
247 Water Street, First Floor
New York, New York 10038
scott@donigerlawfirm.com
(310) 590-1820
*Attorneys for Plaintiff*

9