UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LIBBY PIECHOWICZ, an individual,

        Plaintiff,

v.

THE PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED IN SCHEDULE A,

Defendants.

Case No. 24-CV-3057

**Judge Vernon S. Broderick**

## AMENDED PRELIMINARY INJUNCTION ORDER

The Court having considered Plaintiff's application for Preliminary Injunction (the "Application"), as well as all other papers filed in support of the Application, for the following relief:

1. A preliminary injunction against the Defendants set forth in Schedule A attached hereto ("Defendant"), enjoining Defendant from the manufacture, importation, distribution, offering for sale, and sale of infringing products (the "Infringing Products") bearing, using, or infringing upon Plaintiff's copyrights, which are covered by U.S. Copyright Office Registration Nos. **VA 2-368-850** and **VA 2-368-862.**
2. a temporary transfer of control over Defendants' online marketplace websites (hereinafter the "Defendant Storefront," to Plaintiffs; and,
3. a temporary restraint of certain of Defendants' assets, described below, to preserve Plaintiffs' right to an equitable accounting.

Based on the papers and other evidence submitted in support to the Application, and for good cause shown, the Court makes the following findings of fact and conclusions of law:

1

## FACTUAL FINDINGS & CONCLUSIONS OF LAW

A. Plaintiff has shown a reasonable probability of success on the issue of personal jurisdiction. Plaintiff alleges that each Defendant has shipped an allegedly infringing product to New York, (Doc. 33 ¶ 7), and has provided evidence that allegedly infringing products are available for shipment to New York via Amazon, (Doc. 34-1). Thus, Plaintiff has made a preliminary showing that this Court's exercise of jurisdiction comports with New York's long-arm statute and due process. *See PinkFong Co., Inc. v. Avensy Store et al.*, No. 23-CV-9238 (S.D.N.Y. Nov. 30, 2023), ECF No. 13 at *3–4; *Am. Girl, LLC v. Zembrka*, --- F.4th ---, No. 21-1381, 2024 WL 4206197, at *3–4 (2d Cir. Sept. 17, 2024) (explaining that a refunded online purchase never shipped satisfies New York's long-arm statute and due process); *cf. Poof-Slinky, LLC v. A.S. Plastic Toys Co.*, No. 19-CV-9399, 2020 WL 5350537, at *4 (S.D.N.Y. Sept. 4, 2020) (explaining that allegations "that Defendants communicate with consumers, accept orders in United States dollars, and advertise, sell, and ship counterfeit products from their online marketplaces to New York" are sufficient to establish personal jurisdiction).

B. Plaintiff has shown that the true address of each Defendant, including Defendants located in China, is not known, such that electronic service over Defendants is proper. Plaintiff has submitted a declaration indicating that her attorney attempted to discover a physical address for service of each Defendant located in China by researching the address listed on the Amazon storefront of each Defendant; searching for the address on multiple search engines, including a Chinese service; and searching for potential other addresses of each Defendant on multiple search engines. (*See* Doc. 63 at 2.) After undertaking these efforts, Plaintiff concluded that each of Defendant's addresses "was invalid and did not indicate in any way that it was an actual business address." (*Id*.) Thus, I am satisfied that Plaintiff has exercised reasonable diligence to determine that Defendants located in China "display false addresses on their Merchant Storefront[s]," such that these "addresses are 'not known' for purposes of exemption from the Hague Convention." *Pinkfong Co., Inc. v. Avensy Store*, No. 23-CV-09238, 2023 WL 8530159, at *3 (S.D.N.Y. Nov. 8, 2023).

C. Plaintiff is likely to prevail on her copyright infringement claims at trial. Specifically, Plaintiff is likely to succeed on her claims of copyright infringement a claims against Defendants for their use of Plaintiff's copyrighted artworks.

D. As a result of Defendant's misconduct, Plaintiffs are likely to suffer immediate and irreparable losses, damages, and injuries. For example:

1. Defendants have offered for the sale substandard and unauthorized Infringing Products bearing, using, or infringing on the Plaintiff's copyrights through the Defendant Storefronts;
2. Plaintiff has well-founded fears that more Infringing Products will appear in the marketplace using the same Seller Ids or new and different Seller Ids; that consumers may be misled, confused and disappointed by the quality of these Infringing Products, resulting in injury to Plaintiff's reputation and goodwill.
3. Plaintiff has well-founded fears that, in the absence of a preliminary injunction, Defendants will: (i) transfer, conceal, dispose of, or otherwise destroy the Infringing Products and information concerning the Infringing Products; (ii) transfer, conceal, dispose of, or otherwise hide the ill-gotten proceeds from the improper sale of the Infringing Products; and/or (iii) close down existing User Accounts, transfer User Account information, and/or open a new User Account through which Defendants can improperly advertise, market, promote, distribute, offer for sale and/or sell the of Infringing Products under a new or different alias, allowing Defendants' misconduct to continue with little or no consequence.
4. On balance, the potential harm to Defendants of being prevented from continuing to profit from their illegal and infringing activities if a temporary restraining order is issued is far outweighed by the potential harm to Plaintiff, their business, and the goodwill and reputation built up in and associated with the Plaintiff's copyrights if a preliminary injunction is not entered.
5. The public interest favors issuance of the preliminary injunction to protect Plaintiff's interests in and to the Plaintiff's intellectual property, and to protect the public from

being deceived and defrauded by Defendants' use of Plaintiff's intellectual property and counterfeit copies of the Plaintiff's copyrights.

## ORDER

Based on the foregoing findings of fact and conclusions of law, Plaintiff's Motion for a Preliminary Injunction is hereby:

1. **GRANTED** against Defendants on the basis of Plaintiff's claims of copyright infringement,
2. It is **ORDERED** as follows:

### Preliminary Injunction

A. As sufficient causes have been shown, Defendants are temporarily enjoined and restrained from engaging in any of the following conduct pending the return date of the Application as referenced below:

1. Using the Plaintiff's copyrights or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any Infringing Products;
2. Passing off, inducing, or enabling others to sell or pass off any product as a affiliated or approved by Plaintiff that is not, in fact, produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Plaintiff's copyrights;
3. Committing any acts calculated to cause consumers to believe that Defendants' Infringing Products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff;
4. Further infringing the Plaintiff's copyrights and damaging Plaintiff's goodwill;
5. Shipping, delivering, holding for sale, transferring, or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear(s) the Plaintiff's copyrights or any reproductions, counterfeit copies, or colorable imitations thereof;

6. Using, linking to, transferring, selling, exercising control over, or otherwise owning the User Accounts, the Defendant Storefronts, or any other domain name or online market place account that is being used to sell or is the means by which Defendants could continue to sell Infringing Products; and

7. Operating and/or hosting websites and/or any other web presence registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product embodying or bearing the Plaintiff's copyrights.

### Temporary Transfer of Defendant Storefronts

A. The temporary transfer of Defendants storefront effected under Plaintiff's Temporary Restraining Order shall immediately be in effect under this Preliminary Injunction, including that all e-commerce platforms operating or hosting Defendants and all Defendant owned or operated storefronts are to:

1. disable and cease providing services for any User Accounts through which Defendants engage in the sale of Infringing Products or the infringement of the Plaintiff's copyrights;

2. disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of Infringing Products; and

3. take all steps necessary to prevent links to the Defendant Storefronts identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendants Storefront from any search index.

### Temporary Asset Restraint

4. The Temporary Asset Restraint set forth in the Temporary Restraining Order in this action shall hereby, effectively immediately, remain in effect under this Preliminary Injunction.

### Service by Electronic Mail and/or Electronic Publication

5. Service of this Order and the Summons and Complaint may be made by electronic means.

This Preliminary Injunction Order is entered September 24, 2024, and shall remain in effect until final judgment is rendered in this action or the Court so orders otherwise.

By: _____
HON. VERNON S. BRODERICK
UNITED STATES DISTRICT JUDGE

## **SCHEDULE A**

| No. | Copyright Infringed | Seller Business Alias | Seller ID |
|---|---|---|---|
| 1 | Bumble Bee (VA 2-368-850) | ALOTS | A1HY5DIQN94C0S |
| 2 | Bumble Bee (VA 2-368-850) | You are very lucky | A2WMK2JTI4ZRR6 |
| 3 | Bumble Bee (VA 2-368-850) | ROUKANNGE | AC49Z05PAFOHX |
| 5 | Bumble Bee (VA 2-368-850) | Mogyn | A2LNE2F3MRA99Y |
| 7 | Bumble Bee (VA 2-368-850) | DaDing Store | ABMUXESGTI5HS |
| 8 | Bumble Bee (VA 2-368-850) | Passdone Direct | A7W11OQ5XFLPD |
| 9 | Bumble Bee (VA 2-368-850) | UPmall Direct | A1OOPR4ZIVPIU5 |
| 12 | Bumble Bee (VA 2-368-850) | LCOZX | A2VFMBENU2001H |
| 13 | Bumble Bee (VA 2-368-850) | Xiangcheng Botte Trading Co. | A1XOBRIL4I9ODR |
| 14 | Bumble Bee (VA 2-368-850) | ZWJXYR SHOP | A27PBWMLEZ0N2P |
| 15 | Bumble Bee (VA 2-368-850) | Treasures Shop1 | A1RIN25ER62FO0 |
| 16 | Bumble Bee (VA 2-368-850) | Zen Garden Essentials | A21R356ZSW5JGH |
| 17 | Bumble Bee (VA 2-368-850) | Cool Art Stuff | A38DDLQUZXGT46 |
| 20 | Black Cat (VA 2-368-862) | putianshilichengqu weicaimaoyiyouxia ngongsi | A289BGBBOZBNXJ |
| 21 | Black Cat (VA 2-368-862) | BKR Graphics | A17YUWSTCCGXGI |

| 22 | Black Cat (VA 2-368-862) | HEZHONGKUI | A1L13PR7WZIVOC |
| 24 | Bumble Bee (VA 2-368-850) | Josid | A14HOFNV1F21AH |
| 26 | Bumble Bee (VA 2-368-850) | Aile Décor | A3JXCA6CURN1YS |